IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLUMBIA SPORTSWEAR NORTH
AMERICA, INC., an Oregon corporation,

       Plaintiff,

   v.

SEIRUS INNOVATIVE ACCESSORIES,
INC., a Utah corporation,

       Defendant.

No. 3:15-cv-00064-HZ

OPINION & ORDER

David W. Axelrod
Scott D. Eads
Nicholas F. Aldrich, Jr.
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Ave., Ste. 1600
Portland, OR 97204

     Attorneys for Plaintiff

OPINION & ORDER - 1

Renée E. Rothauge
Markowitz Herbold P.C.
1211 SW Fifth Ave., Suite 3000
Portland, OR 97204

Christopher S. Marchese
Seth M. Sproul
Garrett K. Sakimae
Tucker N. Terhufen
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130

Matthew D. Murphey
Troutman Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614

      Attorneys for Defendant


HERNÁNDEZ, District Judge:

Before the Court is Defendant's motion to dismiss or transfer venue to the Southern

District of California. Defendant argues that venue is improper in this District under the Supreme

Court's recent decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 113 S. Ct.

1514 (2017). Because *TC Heartland* constitutes an intervening change in law, the motion is

granted and the Court orders that this case be transferred to the Southern District of California.

## BACKGROUND

**I.      Procedural Background**

Plaintiff filed its Complaint in the District of Oregon on January 1, 2015. *See* Compl.

ECF 1. Plaintiff is an Oregon corporation with its principal place of business in Oregon.

Defendant is a Utah corporation with its principal place of business in San Diego, California. On

February 27, 2015, Defendant filed its first motion to dismiss or transfer venue. *See* First Mot. to

Dismiss, ECF 15. Specifically, Defendant moved under Rule 12(b)(3) to dismiss for lack of

personal jurisdiction. Defendant asserted that venue was improper because Oregon did not have personal jurisdiction over it, therefore Defendant did not "reside" in Oregon under 28 U.S.C. § 1391(c). Def.'s Mem. Supp. First Mot. to Dismiss 10–16, ECF 16. Additionally, Defendant argued that the convenience factors provided in 28 U.S.C. § 1404(a) favored transfer to the Southern District of California. The Court denied the motion, holding that it had "personal jurisdiction over Seirus because it intentionally targeted the forum by selling allegedly infringing products directly to Oregon retailers." Op. & Order 2, June 29, 2015, ECF 33. The Court also found that the parties split the multi-factor analysis under § 1404(a) and it deferred to Plaintiff's choice of venue. *Id.*

To date, the parties have litigated this case up to trial. The Court engaged in claim construction and held a *Markman* hearing. The Court also granted the parties' joint motion for judgment declaring Plaintiff's Design Patent valid. Before the close of discovery, the Court granted Plaintiff's motion for partial summary judgment that Defendant infringed its Design Patent. Additionally, the Court ruled on separate fully briefed cross-motions for partial summary judgment regarding Plaintiff's Utility Patents and other issues remaining in this case. *See* Op. & Order, Apr. 12, 2017, ECF 159. Defendant filed its second motion to dismiss or transfer venue on June 14, 2017. A ten-day jury trial is set to begin on September 19, 2017, and the Court has received voluminous pre-trial filings.

## II.    Legal Background

Defendant's motion arises from the Supreme Court and Federal Circuit's differing interpretations of the relationship between two venue statutes. Venue in general is governed by 28 U.S.C. § 1391(c). Venue in patent cases is governed by 28 U.S.C. § 1400(b), which provides: "Any civil action for patent infringement may be brought in the judicial district where the

defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." In 1957, the Supreme Court analyzed the relationship between the two provisions in *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957). When *Fourco* was decided, § 1391(c) had been amended to read: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." *Id.* at 223. The Supreme Court considered whether the general venue provision should be read into § 1400(b), expanding the definition of where a domestic corporation "resides" for venue purposes. Section 1400(b) provided that a corporation "resides" only in the state in which it is incorporated; § 1391(c), by contrast, used the definition of corporate residence to mean that a defendant could be sued where it was doing business, or in other words, where the court had personal jurisdiction over it.

In *Fourco*, the Supreme Court looked to its prior decision in *Stonite Prods. Co. v. Melvin Lloyd Co.*, 315 U.S. 561 (1942), which presented a legally indistinguishable question about whether the general venue statute applied to patent infringement litigation. In *Stonite*, the Court found that the precursor to § 1400(b) was the "exclusive provision controlling venue in patent infringement proceedings." *Id.* at 561. The *Stonite* Court explained that Congress did not intend § 1400(b)'s predecessor "to dovetail with the general provisions relating to venue of civil suits, but rather that it alone should control venue in patent infringement cases." *Id.* at 555–56. Relying on *Stonite*, the Court in *Fourco* held that "§ 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." 353 U.S. at 229. The Supreme Court found that the Reviser's Note did not clearly express any substantive change to § 1400(b), therefore none would be

presumed and § 1391(c)'s amendment to purportedly apply to "all cases" did not include patent cases. *Id.* at 227–28.

Section 1400(b) has not been amended since *Fourco* was decided; but in 1988, Congress amended § 1391(c). The 1988 amendment changed § 1391(c) to read as follows: "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Judicial Improvements and Access to Justice Act, Pub. L. No. 100–702, tit. X, § 1013(a), 102 Stat. 4642, 4669 (1988). In *VE Holding Corp. v. Johnson Gas Appliance Co.*, the Federal Circuit considered whether the 1988 amendment to § 1391(c) applied to § 1400(b). 917 F.2d 1574 (1990). The Federal Circuit found that by including the phrase "under this chapter," Congress intended § 1391(c)'s amendment to apply to all of chapter 87 of title 28, which included § 1400(b). *Id.* at 1575 ("We hold that Congress by its 1988 amendment of 28 U.S.C. § 1391(c) meant what it said; the meaning of the term 'resides' in § 1400(b) has changed.").

The Federal Circuit squared its decision with *Fourco* and *Stonite* by reasoning that the version of § 1391(c) as it was in *Fourco* no longer existed and that Congress could have excepted § 1400(b) from the 1988 amendment but chose not to. The Federal Circuit explained that the plain meaning of the statute and the Supreme Court's willingness to read another provision into § 1400(b) in a different case indicated that Congress meant § 1391(c) and § 1400(b) to be read together. *Id.* at 1579–80. For the next twenty-seven years, venue in patent cases incorporated § 1391(c) into § 1400(b).

On May 22, 2017, the Supreme Court decided *TC Heartland*, reaffirming *Fourco*'s central holding that: "[T]he amendments to § 1391 did not modify the meaning of § 1400(b) as interpreted by *Fourco*. . . . [A] domestic corporation 'resides' only in the State of incorporation

for purposes of the patent venue statute." 137 S. Ct. at 1517. In 2011, Congress amended

§ 1391(c) to read: "That '[f]or all venue purposes,' a corporation 'shall be deemed to reside, if a

defendant, in any judicial district in which such defendant is subject to the court's personal

jurisdiction with respect to the civil action in question." *Id.* (quoting 28 U.S.C. §§ 1391(a), (c)).

The Court found that "the current version of § 1391 does not contain any indication that

Congress intended to alter the meaning of § 1400(b) as interpreted by *Fourco*." *Id.* at 1520. The

Court concluded as follows:

> Finally, there is no indication that Congress in 2011 ratified the
> Federal Circuit's decision in *VE Holding*. If anything, the 2011
> amendments undermine that decision's rationale. As petitioner
> points out, *VE Holding* relied heavily—indeed, almost
> exclusively—on Congress' decision in 1988 to replace "for venue
> purposes" with "[f]or purposes of venue under this chapter "
> (emphasis added) in § 1391(c). Congress deleted "under this
> chapter" in 2011 and worded the current version of § 1391(c)
> almost identically to the original version of the statute. Compare
> § 1391(c) (2012 ed.) ("[f]or all venue purposes") with § 1391(c)
> (1952 ed.) ("for venue purposes"). In short, nothing in the text
> suggests congressional approval of *VE Holding*.

*Id.* at 1521. In sum, *TC Heartland* reaffirmed that for venue purposes in patent cases, a domestic

corporation "resides" only in its state of incorporation.

## STANDARDS

Pursuant to Rule 12(b)(3), a party may move to dismiss an action for improper venue. If

venue is improper, the district court shall dismiss the case "or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought." 28 U.S.C.

§ 1406(a). The plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v.

Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Venue is a waivable defense. *Leroy

v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). A defendant raising a venue defense must

do so either as part of its responsive pleading or in a motion brought under Rule 12. Fed. R. Civ.

P. 12(b), (h)(1). Rule 12(g)(2) provides that a party that makes a motion under Rule 12 "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The statute governing venue also provides that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." 28 U.S.C. § 1406(b).

## DISCUSSION

Defendant asserts that under *TC Heartland*, venue in the District of Oregon is improper because Defendant does not "reside" in Oregon under § 1400(b). The parties do not appear to dispute that venue is improper under § 1400(b) as interpreted by *TC Heartland*. Plaintiff, however, responds that Defendant waived this objection to venue because it did not make this argument in its first Rule 12 motion to dismiss or transfer venue. Plaintiff also argues that Defendant waived any objection to venue it had through its litigation conduct. Defendant's position is that it sufficiently raised a venue defense in its first motion and that its litigation conduct does not constitute waiver. In any event, even if the venue objection was waived, Defendant argues that *TC Heartland* is intervening law which excuses any waiver. Plaintiff's position is that *TC Heartland* merely reaffirmed that *Fourco* was always good law and it therefore does not excuse Defendant's waiver.

## I.      Waiver of Venue Objection

As noted above, Plaintiff argues that Defendant waived its objection to venue: (1) by failing to raise the objection in its earlier Rule 12 motion; and (2) through its litigation conduct.

### A.      *Failure to Raise the Venue Objection*

Plaintiff claims that Defendant's motion to transfer violates Rule 12(g)(2) because Defendant failed to preserve an objection to venue based on *Fourco* in its first motion to dismiss.

Rule 12(g)(2) states: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a *defense or objection* that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2) (emphasis added). Defendant did assert improper venue as a defense in its first motion to dismiss or transfer on the ground that the Court lacked personal jurisdiction over it. The parties dispute whether that improper venue defense was sufficient to preserve an objection to venue based on § 1400(b) as interpreted by *Fourco*.

In its first motion to dismiss, Defendant argued that it did not "reside" in Oregon for venue purposes under § 1400(b) because the Court did not have personal jurisdiction over it. Def.'s Mem. Supp. First Mot. to Dismiss 10.

> The first venue basis under Section 1400(b) is satisfied only if Seirus is deemed to "reside" (*i.e.*, is subject to personal jurisdiction) in the District of Oregon. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). Here, for at least the reasons stated above, this Court has no personal jurisdiction over Seirus, and Seirus cannot be said to reside in this District.

*Id.* at 11. Defendant cited to *VE Holding* as the basis for venue under § 1400(b) and it cited § 1391(c) to determine where a corporation "resides" for venue purposes. *Id.* ("Section 1391(c) provides that, for venue purposes, a corporation shall be deemed to 'reside' in a judicial district if it is subject to personal jurisdiction there.").

Other district courts have considered similar cases and concluded that the defendants waived an objection to venue based on § 1400(b) as interpreted by *Fourco* despite having raised venue defenses in their answers or first Rule 12 motions. For example, in *Elbit Systems* a district court found that where the defendant based its venue objection "solely on the argument that this district did not have personal jurisdiction over [the defendant]", it failed to affirmatively seek

dismissal or transfer based on the lack of "residence" under § 1400(b) as interpreted by *Fourco*.

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618, at *21 (E.D. Tex. June 20, 2017).

> By filing motions to dismiss for improper venue and omitting its objection to venue under § 1400(b)—as that provision was interpreted by *Fourco*—[the defendant] waived its objection under Rule 12(g)(2) and 12(h)(1)(A). [The defendant] raised the *defense* of improper venue, but Rule 12(g)(2)'s consolidation requirement, and hence Rule 12(h)(1)(A) waiver, is not limited to a "defense." The Rule requires a party to include "a defense or objection that was available to the party." Fed. R. Civ. P. 12(g)(2) (emphasis added); *see also Albany Ins. Co.*, 5 F.3d at 909-10 (applying waiver to an available venue objection omitted from a prior motion to dismiss for improper venue). If a party can preserve any objection to venue by simply raising a venue defense—regardless of the objection underlying that defense—then the word "objection" in Rule 12(g)(2) would be superfluous. "[C]ourts 'must give effect, if possible, to every clause and word of a statute.' " *See Loughrin v. United States*, 134 S. Ct. 2384, 2390 (2014) (citation omitted). [The defendant's] venue objection is therefore waived.

*Id.* The Court agrees with the *Elbit Systems* court that raising the issue of venue as a defense in general is not sufficient to preserve every objection to venue. Rule 12(g)(2) states that a party waives a "defense or objection" by failing to raise it. As recognized in *Elbit Systems*, the word "objection" in the rule would be meaningless if a party could preserve all objections to venue by raising any venue defense.

Similarly, other district courts have found that generally raising venue in an answer and arguing to transfer venue based on convenience factors under 28 U.S.C. § 1404(a) were insufficient to preserve an objection to venue based on § 1400(b). *See Amax, Inc. v. ACCO Brands Corp*, No. 16-10695-NMG, 2017 WL 2818986, at *2, (D. Mass. June 29, 2017) (holding that generally stating that venue was improper in an answer and arguing for transfer of venue based on convenience factors under § 1404(a) failed to preserve an objection that venue was

proper under § 1400(b)); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15cv21, 2017 WL 2556679, at *4 (E.D. Va. June 7, 2017) (finding that one defendant had failed to sufficiently object to venue by raising a venue defense in its answer and by failing to cite *Fourco* to challenge venue).

In sum, the Court finds that Defendant waived its venue objection made in its second motion to dismiss because Defendant failed to raise an objection to venue based on § 1400(b) as interpreted by *Fourco* in its first Rule 12 motion.

**B.      *Waiver Through Litigation Conduct***

The parties also dispute whether Defendant's litigation conduct waived any objection it had to venue. Even if a defendant initially files an objection to venue, subsequent conduct may nevertheless waive the defense. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) (stating that the defense of improper venue "may be waived as a result of the course of conduct pursued by a party during litigation"); *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 882 (Fed. Cir. 1997) ("A defendant may waive such affirmative defenses by actively litigating the suit, even where the defenses are properly included in the defendant's answer."). A party may waive improper venue based on conduct, for example, by previously filing a motion for summary judgment. *Misch on Behalf of Estate of Misch v. Zee Enters., Inc.*, 879 F.2d 628, 631–32 (9th Cir. 1989).

Other district courts have found that litigation conduct constituted waiver in cases involving less activity than this case. For example, a district court in California found that the a year of litigation including the following conduct constituted waiver: "serving invalidity contentions, filing two motions to stay, filing a motion for judgment on the pleadings, and participating in claim construction[.]" *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB,

2017 WL 2869717, at *3 (S.D. Cal. July 5, 2017). The *Infogation* court found even more persuasive the defendant's filing for judgment on the pleadings seeking to invalidate the patent at issue in that case. *Id.* Likewise, in *Realtime Data LLC*, a district court in Texas found that the defendant had waived its venue objection when it "filed numerous discovery motions, challenged [the plaintiff's] patent claims based on alleged indefiniteness in their *Markman* briefing, and otherwise submitted to venue in this district." *Realtime Data LLC v. Netapp, Inc.*, No. 6:16-CV-00961-RWS, 2017 WL 3588047, at *1 (E.D. Tex. Aug. 21, 2017); *see also Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-190, 2017 WL 2957882, at *2 (E.D. Tex. July 11, 2017) (finding that defendant had waived its venue objection by admitting that venue was proper in its answer and by continuing to litigate the case through claim construction and "substantial motion practice without objecting to venue"); *Koninklijke Philips N.V. v. ASUSTek Comput. Inc.*, No. CV 15-1125-GMS, 2017 WL 3055517, at *3 (D. Del. July 19, 2017) (finding that in addition to withdrawing its venue objection after the Federal Circuit's ruling in *TC Heartland*, the following conduct established waiver: "(1) participat[ing] in a scheduling conference; (2) conduct[ing] discovery; (3) enter[ing] a stipulation and protection order with the plaintiff; and (4) mov[ing] the court to allow their out of state counsel to appear pro *hac vice*").

In this case, Defendant has engaged in substantially more litigation conduct than the defendants in the cases identified above. Over the course of more than two years of litigation, Defendant has: completed discovery; filed multiple motions to stay; filed and fully briefed multiple motions for partial summary judgment challenging the validity of Plaintiff's patents; engaged in claim construction; filed other motions seeking the Court's judgment on issues affecting trial; and submitted pre-trial filings including motions in limine. Furthermore, trial is set to begin this month. The Court is persuaded by Defendant's vigorous litigation of this case—

including actively pursuing dispositive and other substantive motions—that Defendant has waived its defense to improper venue.

## II.     Intervening Law Exception to Waiver

Defendant argues that any waiver of its venue objection is excusable because *TC Heartland* constitutes an intervening change in law. One "exception to the general rule of waiver" is "when there has been an intervening change in the law recognizing an issue that was not previously available." *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999) (citing *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 142–45 (1967)). This exception applies when "there was strong precedent prior to the change, such that the failure to raise the issue was not unreasonable and the opposing party was not prejudiced by the failure to raise the issue sooner." *Id.* at 605–06 (internal quotation marks and citations omitted). "[A] party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent." *Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981).

District courts have split on this issue. The majority of cases have found that *TC Heartland* does not constitute intervening law excusing waiver. Many of those cases cite to *Cobalt Boats*, a decision from the Eastern District of Virginia, which reasoned that "the conflict between *Fourco* and *VE Holding* was a defense that was available to Defendants just as easily as it was to the defendant in *TC Heartland*, who initially raised the argument before Plaintiff filed this case." *Cobalt Boats*, 2017 WL 2556679, at *3. The *Cobalt* court explained that "[t]he Supreme Court has never overruled *Fourco*, and the Federal Circuit cannot overrule binding Supreme Court precedent. . . . Based on the Supreme Court's holding in *TC Heartland*, *Fourco* has continued to be binding law since it was decided in 1957, and thus, it has been available to

every defendant since 1957." *Id.* Similarly, in *Elbit Systems* a district court in the Eastern District

of Texas explained,

> The court need not reach Defendants' argument that a change in law constitutes an exception to waiver under Rule 12(h)(1)(A) because the Supreme Court's decision in *TC Heartland* does not qualify. *Fourco* was decided in 1957. While the Federal Circuit's decision in *VE Holding* was inconsistent with *Fourco*, the Federal Circuit cannot overturn Supreme Court precedent.

2017 WL 2651618, at *20. The *Elbit Systems* court also wrote that "[w]hile such a motion might

have been viewed as meritless in a lower court, that does not change the harsh reality that [the

defendant] would have ultimately succeeded in convincing the Supreme Court to reaffirm

*Fourco*, just as the petition in *TC Heartland* did." *Id.* (citing *Cobalt Boats*, 2017 WL 2556679, at

*3). Indeed, another court in this District has already adopted the reasoning of *Cobalt Boats* and

*Elbit Systems*. *See Reebok Int'l Ltd. v. TRB Acquisitions LLC*, No. 3:16-cv-1618-SI, 2017 WL

3016034, at *3 (D. Or. July 14, 2017) (Simon, J.) (citing both cases to conclude that *TC

Heartland* was not intervening law excusing waiver). In *Reebok*, the court also found that the

"defense of improper venue was not impossible or otherwise unavailable to" the defendants

because the defendant in *TC Heartland* asserted the defense and prevailed before the Supreme

Court. *Id.*

Several other district courts have reached similar conclusions. *See iLife Techs., Inc. v.

Nintendo of Am., Inc.*, No. 3:13-cv-04987, 2017 WL 2778006, at *7 (N.D. Tex. June 27, 2017)

("*TC Heartland* does not qualify as an intervening change in law."); *Tinnus Enters., LLC v.

Telebrands Corp.*, No. 6:15-CV-00551-RC, 2017 WL 3404795, at *2 (E.D. Tex. Aug. 8, 2017)

(adopting with the majority view that *TC Heartland* merely affirmed the viability of *Fourco* and

did not establish intervening law); *Navico*, 2017 WL 2957882, at *2 (same); *Koninklijke*, 2017

WL 3055517, at *4 (same); *Orthosie Sys. LLC v. Actsoft, Inc.*, No. 4:16-CV-00873, 2017 WL

3145913, at *2 (E.D. Tex. July 25, 2017) (same); *Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-00186, 2017 WL 3187473, at *1 (E.D. Tex. July 26, 2017) (same); *Realtime Data LLC, v. Carbonite, Inc. et al.*, No. 6:17-CV-121 RWS-JDL, 2017 WL 3588048, at *2 (E.D. Tex. Aug. 21, 2017) (same); *Mantissa Corp. v. Ondot Sys., Inc.*, No. 4:15-CV-1133, 2017 WL 3175645, at *3–4 (S.D. Tex. July 26, 2017) (same); *Infogation*, 2017 WL 2869717, at *4 (same); *mcRO, Inc. v. Valve Corp*, No. 8:13-cv-01874-GW, slip op. at 5 (C.D. Cal. July 24, 2017) (same); *Fox Factory, Inc. v. SRAM, LLC*, No. 3:16-cv-00506-WHO, slip op. at 6–7 (N.D. Cal. July 18, 2017) (same); *Chamberlain Grp., Inc. v. Techtronic Indus. Co. et al.*, No. 16 C 6097, 2017 WL 3205772, at *2 (N.D. Ill. June 28, 2017) (same); *Skyhawke Techs., LLC v. DECA Int'l Corp.*, No. 3:10CV708TSL-RHW, 2017 WL 3132066, at *2 (S.D. Miss. July 21, 2017) (same); *President & Fellows of Harvard Coll. v. Micron Tech., Inc.*, No. CV 16-11249-WGY, 2017 WL 3749419, at *4 (D. Mass. Aug. 30, 2017); *Amax*, 2017 WL 2818986, at *2 (same).

There are, however, a growing minority of cases that disagree with *Cobalt Boats* and have held that *TC Heartland* establishes intervening law excusing waiver. For example, in *Westech*, a decision from the Western District of Washington, the court explained,

> *TC Heartland* changed the venue landscape. For the first time in 27 years, a defendant may argue credibly that venue is improper in a judicial district where it is subject to a court's personal jurisdiction but where it is not incorporated and has no regular and established place of business. Defendants could not have reasonably anticipated this sea change, and so did not waive the defense of improper venue by omitting it from their initial pleading and motions.

*Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017). Similarly, in *OptoLum*, a court in the District of Arizona agreed that "*TC Heartland* affected a 'sea change' in the law of venue for patent cases." *OptoLum, Inc. v. Cree, Inc.*, No. CV-16-03828-PHX-DLR, 2017 WL 3130642, at *2 (D. Ariz. July 24, 2017) (citing

*Westech*, 2017 WL 2671297, at *2). In response to the argument that the defense of improper

venue had always been available and that a litigant would have ultimately succeeded in

convincing the Supreme Court to reaffirm *Fourco*, the court in *OptoLum* stated:

> But this would have taken some convincing, and until *TC
> Heartland*, no defendant succeeded in doing so in the 27 years
> following *VE Holding*. To suggest that the defense of improper
> venue has always been available, and that *TC Heartland* did not
> effect a change in the law "because it merely affirms the viability
> of Fourco[,]" *Cobalt Boats*, 2017 WL 2556679, at *3, ignores the
> significant impact of *VE Holding* and the patent bar's reliance on
> the case for nearly three decades.

*OptoLum*, 2017 WL 3130642, at *4. The *OptoLum* court found that the defendant should not

suffer the "harsh reality" that it would have succeeded in challenging *VE Holding* by engaging in

a "potentially lengthy and expensive litigation strategy, with the mere possibility that *VE

Holding* might be overturned[.]" *Id.* The court found that such circumstances did not "render[]

the defense of improper venue 'available' to [the defendant] when it filed its answer and initial

motion to dismiss." *Id.* The court concluded:

> [T]he Court finds that it was not, "for all practical purposes,"
> possible for [the defendant] to assert the defense of improper venue
> in light of the binding nature of *VE Holding* and its presence on the
> venue landscape for the past few decades. The Court so finds even
> though certain patent defendants in other cases chose to raise the
> defense in light of the ongoing litigation in *TC Heartland*. As
> explained above, the Court either would have denied a motion to
> dismiss by [the defendant] as unfounded based on *VE Holding* or
> stayed its ruling pending a decision in *TC Heartland*. [The
> plaintiff] asserts no unfair prejudice from [the defendant] now
> raising the venue defense after *TC Heartland* was decided.

*Id.* at *5 (internal citation omitted).

Other district courts have relied on *Westech* and *OptoLum* to reach the same conclusion.

For example, a court in the Eastern District of Tennessee wrote:

> For 27 years, the Federal Circuit's interpretation of venue in patent cases has been prevailing and applied by this and countless other courts. TC Heartland concluded that *VE Holding*'s application of § 1391(c) to § 1400(b) was incorrect. The Supreme Court itself described the 1988 and later 2011 amendments to the general venue statute as changes to the venue "landscape" and "new developments." Thus, this Court finds it difficult to describe *TC Heartland* as anything other than a significant change in the law on venue. To do otherwise would ignore the long-standing significance of the *VE Holding* decision and the reliance upon it for many years.

*Maxchief Inv. Ltd. v. Plastic Dev. Grp., LLC*, No. 3:16-cv-63, 2017 WL 3479504, at *4 (E.D. Tenn. Aug. 14, 2017). Similarly, a District of Minnesota court found that "to hold that *Fourco* remained good law at all times over the last twenty-seven years, and thus that [the defendant] should have raised the improper venue defense at the time this case was filed, effectively ignores reality." *Valspar Corp. v. PPG Indus., Inc.*, No. 16-CV-1429 (SRN/SER), 2017 WL 3382063, at *4 (D. Minn. Aug. 4, 2017). The *Valspar* court found that it was "illogical and unfair to argue that [the defendant] erred by not making an argument that both this Court and the parties knew would have been rejected—just as it had consistently been rejected around the country for a quarter of a century." *Id.* (citing *OptoLum*, 2017 WL 3130642, at *3); *see also Ironburg Inventions Ltd. v. Valve Corp.*, No. 1:15-CV-4219-TWT, 2017 WL 3307657, at *3 (N.D. Ga. Aug. 3, 2017); (finding that *TC Heartland* is an intervening change in the law); *CG Tech. Dev., LLC v. FanDuel, Inc.*, No. 2:16-cv-00801-RCJ-CVF, 2017 WL 3207233, at *2 (D. Nev. July 27, 2017) (finding that the majority view that *TC Heartland* was not intervening law was "an unfair characterization of the effect of *TC heartland* on the state of the law"); *Smart Wearable Tech. Inc. v. Fitbit, Inc.*, No. 3:16CV00077, slip op. at 8–9 (W.D. Va. Aug. 29, 2017) (same); *Simpson Performance Prods., Inc. v. NecksGen, Inc.*, No. 5:16-CV-00153-RLV-DCK, 2017 WL

3616764, at *6–7 (W.D.N.C. Aug. 23, 2017) (same); *Cutsforth, Inc. v. LEMM Liquidating Co.*,

No. 12-cv-1200 (SRN/LIB), 2017 WL 3381816, at *4 (D. Minn. Aug. 4, 2017) (same).

The Court is persuaded by *Westech*, *OptoLum*, and *Maxchief*, and finds that *TC*

*Heartland* constitutes an intervening change in law excusing waiver of Defendant's venue

objection. *VE Holding* and cases following it rendered a venue objection based on § 1400(b) as

interpreted by *Fourco* unavailable to Defendant. "It would be inequitable to expect [the

defendants] to have objected to venue, especially where the Supreme Court had already denied

certiorari on the exact same question in *VE Holding* itself." *CG Tech.*, 2017 WL 3207233, at *1

(citing *Johnson Gas Appliance Co. v. VE Holding Corp.*, 499 U.S. 922 (1991) (denying

certiorari)). Defendant could not have reasonably been expected to make an argument contrary to

twenty-seven years of binding precedent, and to ultimately convince the Supreme Court where it

had already denied certiorari on the same issue. *Holzsager*, 646 F.2d at 796 ("The clairvoyance

demanded by plaintiff here of the [defendant] is inconsistent with the doctrine of waiver.").

Indeed, the Court treated *VE Holding* as binding precedent when it denied Defendant's first

motion to dismiss or transfer venue on the ground that the Court had personal jurisdiction over

Defendant. *See* Op. & Order 2, June 29, 2015.

*Cobalt* and other decisions like it found that the Federal Circuit in *VE Holding* lacked the

authority to overrule *Fourco* and therefore *TC Heartland* does not qualify as intervening law

because it merely reaffirmed *Fourco*. This Court disagrees with that characterization and is more

persuaded by *OptoLum*'s description of *VE Holding*:

> In short, *VE Holding* did not purport to "overrule" *Fourco*, but
> instead determined whether Congress intended to do so when it
> amended § 1391(c). As the Supreme Court explained in *TC
> Heartland*, the Federal Circuit concluded in *VE Holding* that
> "subsequent statutory amendments had effectively amended
> § 1400(b) as construed in *Fourco*, with the result that § 1391(c)

> now supplies the definition of 'resides' in § 1400(b)." 137 S. Ct. at
> 1517. The Supreme Court made clear that "the only question [it]
> must answer is whether Congress changed the meaning of
> § 1400(b) when it amended § 1391"—the same issue *VE Holding*
> addressed 27 years earlier. *Id.* at 1520. The Supreme Court
> disagreed with *VE Holding* in this regard, but it did not do so on
> the ground that VE Holding had improperly "overruled" *Fourco*.

2017 WL 3130642, at *3. The *OptoLum* court also noted that Congress recognized that *VE*

*Holding* was the law of the land, and "[i]n 2015, the House of Representatives stated that

Congress 'must correct' the 'infamous decision in *VE Holding*' and 'restore § 1400 to its role of

protecting patent owners and accused infringers from the burden of being forced to litigate in

remote locations." *Id.* at *4 (citing H.R. Rep. No. 114-235, at 34 (2015)).

Moreover, this case is factually distinguishable from *Reebok*, the other case from this

District which found that the venue waiver argument was available to the defendant. In *Reebok*,

the court noted that there had been a "fair amount of briefing at the Supreme Court in *TC*

*Heartland* before [the defendants] filed their answer to the First Amended Complaint." 2017 WL

3016034, at *4 n.1. Briefing and oral argument occurred between January and March of 2017. *Id.*

Here, by contrast, Defendant's first motion to dismiss and answer were filed in February and

July of 2015 respectively, well before certiorari was granted in *TC Heartland* in December of

2016. 137 S. Ct. 614 (2016) (grating certiorari). The venue objection was "for all practical

purposes impossible" for Defendant to interpose because "its legal basis did not exist at the time

of the answer or pre-answer motion[.]" *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 8 F.

Supp. 3d 9, 13 (D.D.C. 2014), *aff'd*, 843 F.3d 958 (D.C. Cir. 2016).

In sum, *VE Holding* represented a "sea change" in patent venue law and established that

the test for venue was whether the defendant was subject to personal jurisdiction in the district of

suit. 917 F.2d at 1584. *TC Heartland* expressly overruled *VE Holding* and held that "a domestic

corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." 137 S. Ct. at 1517. *VE Holding* and twenty-seven years of cases following it established strong precedent that the Supreme Court reversed in *TC Heartland*. It would have been unreasonable to expect Defendant to argue that venue was proper only in the state of its incorporation prior to *TC Heartland* for the reasons discussed above. Accordingly, the Court concludes that *TC Heartland* is an intervening change in the law excusing Defendant's waiver of its venue objection.

## III.    Remedy

As noted above, Plaintiff does not contest that under § 1400(b), venue is improper in the District of Oregon. When venue is improper, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court previously found in its ruling on Defendant's first motion to dismiss or transfer that "this action could have been brought in Seirus's proposed alternative forum, the Southern District of California, because Seirus has its principal place of business there and is subject to the court's general personal jurisdiction." Op & Order 10, June 29, 2015. While Defendant no longer "resides" in the Southern District of California for patent venue purposes because it is not incorporated there, § 1400(b) provides that venue is also proper where the defendant "has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Because Defendant has a regular and established place of business in the Southern District of California and because nearly all of the underlying facts related to Defendant's alleged infringement occurred there, the Court finds that it remains an appropriate alternative venue. *See* Edwards Decl. ¶¶ 4–6, 16, ECF 28; Carey Decl. ¶¶ 2–6, ECF 16-14.

The Court recognizes that transfer at this late stage in the case is prejudicial to Plaintiff. This case is more developed than others which have transferred venue in light of *TC Heartland*. *See Maxchief*, 2017 WL 3479504, at *5 (finding that the case was "not so far along that transfer would frustrate judicial economy" because the court had "not issued any rulings on claim construction and the parties have not yet filed dispositive motions"); *Valspar*, 2017 WL 3382063, at *5 ("While the court has not yet progressed to the point of dispositive motions or claim construction, it has advanced far enough that it would serve only to delay the progress of justice to require [the plaintiff] to start again at square one."). As discussed above, the parties have already filed dispositive motions, engaged in claim construction, and have otherwise fully litigated this case up to the eve of trial. Under § 1406(a), the Court is required to either dismiss the case or to transfer venue. *See Cutsforth*, 2017 WL 3381816, at *5 (regretting the "waste of judicial resources after five years of litigation" but transferring the case nevertheless).While transfer may serve to further delay a final resolution to this case, dismissing it would cause an even greater delay and would be far more prejudicial to Plaintiff. "But the law of venue exists for the convenience of defendants, not plaintiffs, and under 28 U.S.C. § 1406(a), prejudice to the plaintiff is not a relevant consideration." *Id.* at *5. Accordingly, the Court concludes that transfer to the Southern District of California is required.

//

//

//

//

//

//

**CONCLUSION**

Defendant's motion to dismiss or transfer venue to the Southern District of California

[163] is GRANTED. This action is transferred to the United States District Court for the

Southern District of California and the Clerk of the Court is hereby directed to effect the transfer.

Dated this ___ day of _____, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge